Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6739 | **DATE** | 4/23/2002 |
| **CASE TITLE** | JEFFERY J. VLADIC vs. JAMES HAMANN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Status hearing held and continued to May 2, 2002 at 9:00 a.m. Plaintiff's motion in limine to bar evidence [74-1] is entered and continued to May 2, 2002. Enter Memorandum Opinion And Order. Defendants' motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 24 2002 | |
| | Notified counsel by telephone. | date docketed | 76 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |


| | | |
|---|---|---|
| JEFFERY J. VLADIC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 00 C 6739 |
| v. | ) | |
| | ) | |
| JAMES HAMANN and KATHY BREEN, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jeffery J. Vladic ("Vladic"), filed a two-count complaint against two Glen Ellyn, Illinois police officers, James Hamann ("Hamann") and Kathy Breen ("Breen"). Vladic's Second Amended Complaint alleges that the Defendants violated 42 U.S.C. § 1983 and the United States Constitution when they falsely arrested him following an unlawful search. Presently pending before this Court is Defendants' Motion to Dismiss based on Vladic's refusal to answer questions at his deposition based on the Fifth Amendment of the United States Constitution.

On October 29, 1998, Vladic was an overnight guest at the apartment of Stuart Rose ("Rose") in Glen Ellyn, Illinois. On that day, Defendants came to Rose's apartment and searched the apartment without a search warrant or probable cause. Vladic was in the apartment at the time of the search. Defendants found drugs within the apartment but did not find any drugs on Vladic. Vladic and Rose were arrested immediately after the search.

On October 30, 1998, Vladic was charged with Unlawful Manufacturing of Controlled Substances. On March 22, 1999, Vladic filed a motion attacking the validity of his arrest and the search of Rose's apartment. On June 2, 1999, the DuPage County Circuit Court ruled that

Defendants' search of Rose's apartment violated the Fourth Amendment to the United States Constitution. Subsequently, the charge against Vladic was dismissed *nolle prosequi*, and he was released. Vladic was incarcerated for more than seven months prior to his release.

Subsequently, Vladic filed the present suit in federal court. On October 3, 2001, while giving his deposition in this case, Vladic refused to answer several questions based upon his invocation of his Fifth Amendment right against self-incrimination. On October 17, 2001, this Court heard Defendants' Motion for Sanctions based on Vladic's refusal to answer questions at his deposition. The Court ordered Vladic to be re-deposed, under seal, and to answer all questions, except those that would invoke the attorney-client or Fifth Amendment privilege.

On November 12, 2001, Vladic was re-deposed. Vladic again refused to answer some questions, invoking his Fifth Amendment privilege. Vladic refused to answer questions relating to an incident in Munster, Indiana on October 8, 1998, when Vladic was questioned and arrested by Munster police officers who responded to a report of a possibly intoxicated driver. Vladic also refused to answer questions relating to conversations Vladic had with Drug Enforcement Agency ("DEA") personnel prior to his arrest at Rose's apartment.

Dismissal of a civil suit is proper where a plaintiff abuses both the discovery process and the use of the Fifth Amendment if the plaintiff has not properly invoked the Fifth Amendment privilege. *See Bootz v. Childs*, 627 F. Supp. 94, 99 (N.D. Ill. 1985) (*Bootz*); *Doe v. Board of Educ. of Oak Park River Forest High Sch.*, 1995 WL 234563 (N.D. Ill. April 18, 1995). Dismissal is not appropriate if it would result in penalizing a plaintiff for properly asserting his constitutional protections. *See Bootz*, 627 F. Supp. at 99.

The Fifth Amendment states that no person "shall be compelled in any criminal case to be

a witness against himself...." U.S. Const. amend. V. The privilege applies only to statements which would give rise to criminal sanctions. *See United States v. Ward*, 448 U.S. 242, 248 (1980). "When a witness can demonstrate any possibility of prosecution which is more than fanciful, he has demonstrated a reasonable fear of prosecution sufficient to meet constitutional muster." *Folding Carton Antitrust Lit.*, 609 F.2d 867, 870 (7th Cir. 1979).

Defendants argue that Vladic cannot invoke the Fifth Amendment privilege because there is no legitimate fear of prosecution in light of the applicable three-year statute of limitations that has expired. Vladic argues, and Defendants do not contest, that he still fears prosecution because the state could toll the statute of limitations pursuant to 720 ILCS § 5/3/7 *et seq*. Accordingly, Vladic has properly invoked his Fifth Amendment privilege.

If the Fifth Amendment applies, sanctions that would make use of the privilege "costly" may not be imposed because such sanctions would effectively destroy the right to remain silent. *See Spevack v. Klein*, 385 U.S. 511, 515 (1967). Therefore, dismissal is not warranted unless the defendant can demonstrate a substantial need for the information requested and that there are no less burdensome means of preventing unfairness to the defendant. *See Bootz*, 627 F. Supp. at 101.

Here, Defendants argue that Vladic's refusal to answer certain questions greatly prejudices their defense of probable cause. Defendants' argument is without merit. The Defendants admit that they did not know of Vladic's previous arrest in Munster, Indiana, that they had not spoken to the Munster police officers, and that they were unaware of the content of Vladic's statements to the DEA prior to Vladic's arrest and search. Pursuant to Rule 26(b)(1), discoverable materials are not limited to that which would be admissible at trial. However, the discoverable material must at least appear reasonably calculated to lead to the discovery of admissible evidence. *See Scott v. Edinburg*, 101

3

F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). Here, the information sought by Defendants is irrelevant, even for purposes of discovery, as to whether probable cause existed at the time that Defendants arrested and searched Vladic. *See Qian v. Kautz*, 168 F.3d 949, 953-54 (7th Cir. 1999) (probable cause determination is made based on information officer had the moment the decision to arrest is made). Furthermore, Defendants have not shown they do not have other reasonable means of obtaining the information they seek from Vladic. Defendants have documents from the Munster police and DEA concerning Vladic and can readily obtain information from the officers and DEA agents. *See Bootz*, 627 F. Supp. at 102 (finding that defendants could obtain information regarding probable cause from defendant's limited testimony and testimony of officers involved in the defendant's arrest and prosecution).

In the alternative, Defendants seek an order providing that the Defendants will be permitted to (1) inform the jury of Vladic's exercise of the privilege of self-incrimination, (2) inform the jury that they may consider the use of the privilege adversely insofar as it tends to establish the facts about which he refused to testify, and (3) bar Vladic from testifying about matters he has refused to answer. In essence, Defendants seek a ruling on admissibility of evidence at trial before the close of discovery. Such ruling is not appropriately made at the present stage of this litigation.

For the reasons state above, Defendants' Motion to Dismiss is denied.

Dated: April 24, 2002

JOHN W. DARRAH
United States District Judge

4