

Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6739 | **DATE** | 10/2/2002 |
| **CASE TITLE** | JEFFERY J. VLADIC vs. JAMES HAMANN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Jury trial set for 9/9/02 is stricken and reset to 11/18/02 at 10:00 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion to certify defendants' attempted interlocutory appeal as frivolous is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 106 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| LG | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEFFERY J. VLADIC,            )
                              )
        Plaintiff,            )
                              )    No. 00 C 6739
    v.                        )
                              )
JAMES HAMANN and KATHY BREEN, )    Judge John W. Darrah
                              )
        Defendants.           )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jeffery J. Vladic ("Vladic"), filed a two-count complaint against two Glen Ellyn, Illinois police officers, James Hamann ("Hamann") and Kathy Breen ("Breen"). Vladic's Second Amended Complaint alleges that the Defendants violated 42 U.S.C. § 1983 and the United States Constitution when they falsely arrested him following an unlawful entry and search of the premises where he was arrested. On June 6 2002, this Court denied Defendants' Motions for Summary Judgment. Trial was scheduled to begin on September 9, 2002.

In the June 6th Memorandum Opinion and Order, this Court considered disputed accounts of the conduct of the Defendants and Stuart Rose "(Rose"), who resided at the apartment. Plaintiff contends that Rose expressly denied consent to the Defendants to enter his apartment; Defendants contend that Rose said nothing and "backed up".[1] The Court held that this established issues of material fact whether a reasonable officer would believe that Rose consented to search his apartment. These same issues of material fact prevented a finding of qualified immunity as to Breen's argument

---

[1] The Plaintiff's version of the entry, including the averments that Rose told the police officers he was a law school graduate and denied entry, is set out in the Court's Memorandum Opinion and Order of June 6, 2002.

that she was merely following orders when she entered the apartment pursuant to the purported consent.

As to Plaintiff's illegal arrest claim, the Court found that the undisputed facts that no drugs or drug paraphernalia were found on Plaintiff and the absence of undisputed facts as to the proximity of Plaintiff to the drugs and drug paraphernalia or how they were discovered precluded a finding that no reasonable jury could find that the Defendants did not have probable cause to arrest Plaintiff. Defendants' qualified immunity claim was denied because issues of material fact existed whether no reasonably competent officer would have believed that there was probable cause to arrest Plaintiff based on these facts.

On July 3, 2002, Defendants filed a notice of appeal, appealing the denial of summary judgment as to their qualified immunity defense. On July 10, 2002, the Seventh Circuit ordered the Defendants to file a brief memorandum addressing why the appeal should not be dismissed for lack of jurisdiction in light of this Court's determination that disputed facts control the answer to Defendants' claim of qualified immunity.

On July 23, 2002, Defendants filed their respective Jurisdictional Memorandum with the Seventh Circuit. Defendants argue that the Seventh Circuit has jurisdiction of the appeal because the appeal is based upon the assertion that, even on the Plaintiff's version of the facts, Defendants are entitled to qualified immunity as a matter of law. In her Jurisdictional Memorandum, Breen cites several facts in support of her argument. However, Breen treats the facts as undisputed when, in fact, they are disputed. For example, Breen alleges that she entered the apartment at the direction of her supervisor – *with the apparent assent of a resident of the apartment.* (Emphasis added). Breen's statement ignores Plaintiff's averments that Rose informed the police officers that they did not have

permission to enter the apartment. The Defendants' and Plaintiff's different accounts of the entry by the Defendants into the apartment was the basis, in part, of this Court's finding that issues of material fact existed, requiring the denial of the Defendants' Motions for Summary Judgment.

Hamann also glosses over the Plaintiff's testimony, stating that the "officers have admitted that Rose did not make a verbal statement as to consent..." Hamann ignores Plaintiff's contrary testimony that Rose specifically denied consent to enter the apartment.

On August 20, 2002, at a status hearing before this Court, Defendants orally indicated that they believed that this Court lacked jurisdiction to proceed to trial in light of their interlocutory appeal. At that time, the Court requested that Defendants present any jurisdictional issues in a written motion to this Court. Defendants did not file any motions raising any jurisdictional issues. Instead, on August 28, 2002, Defendants filed a Motion to Stay with the Seventh Circuit.

The Seventh Circuit stayed the trial, pending either resolution of the appeal or until this Court certified that the appeal was frivolous or that the Defendants forfeited their right to stay.[2] Subsequently, Plaintiff filed a Motion to Certify Defendants' Attempted Interlocutory Appeal as Frivolous. Plaintiff's motion is presently pending before the Court.

The defense of qualified immunity is considered an immunity from suit, and a district court's denial of qualified immunity is immediately appealable to the Court of Appeals. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Generally, a notice of appeal divests the district court of jurisdiction. However, a district court maintains jurisdiction and may proceed with the case,

---

[2]Plaintiff does not argue that Defendants forfeited their right to a stay. A party may forfeit its right to a stay if they wait too long after the denial of summary judgment or if they use claims of immunity in a manipulative fashion. *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989).

3

including trial, if it finds that an interlocutory appeal is frivolous. *See Apostol v. Gallion*, 870 F.3d 1335, 1339 (7th Cir. 1989) (*Apostol*). If a claim of qualified immunity "is a sham", the notice of appeal does not transfer jurisdiction to the appellate court, and the district may proceed. *See Apostol*, 870 F.2d at 1339. However, this power of the district court must be used with restraint. *See Apostol*, 870 F.2d at 1339.

Defendants argue that the appellate court may, by looking at the uncontested facts and making a determination based on only those uncontested facts, find that the officers acted objectively reasonably thereby entitling them to qualified immunity. However, Defendants do not set out those undisputed facts. Nor is this Court able by conjecture to determine what undisputed facts the court should consider in making the determination of qualified immunity. The parties present two diametrically opposed accounts of the actions of the officers and Rose as to the issue of consent to enter the apartment. This question of consent is highly relevant to the question of whether the Defendants acted objectively reasonably and were legally inside the apartment. Accordingly, Defendants' argument that the present appeal presents only questions of law is meritless, and the present appeal must be deemed frivolous.

For the reasons stated above, Plaintiff's Motion to Certify Defendants' Attempted Interlocutory Appeal as Frivolous is granted.

Dated: October 2, 2002

JOHN W. DARRAH
United States District Judge

4